

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064
TELEPHONE (212) 373-3000

LLOYD K GARRISON (1946-1991)
RANDOLPH E PAUL (1946-1956)
SIMON H RIFKIND (1950-1995)
LOUIS S WEISS (1927-1950)
JOHN F WHARTON (1927-1977)

UNIT 3601, OFFICE TOWER A, BEIJING FORTUNE PLAZA
NO 7 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT
BEIJING 100020
PEOPLE'S REPUBLIC OF CHINA
TELEPHONE (86-10) 5828-6300

17TH FLOOR, HONG KONG CLUB BUILDING
3A CHATER ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, U K
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISA WAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011 JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO N5X 1J3
TELEPHONE (+16) 504-0520

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

WRITER'S DIRECT DIAL NUMBER
(212) 373-3186

WRITER'S DIRECT FACSIMILE
(212) 492-0186

WRITER'S DIRECT E-MAIL ADDRESS
aehrlich@paulweiss.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/11/17

MATTHEW W ABBOTT
EDWARD T ACKERMAN
JACOB A ADLERSTEIN
ALLAN J ARFFA
ROBERT A ATKINS
DAVID J BALL
SCOTT A BARSHAY
JOHN F BAUGHMAN
J STEVEN BAUGHMAN
LYNN B BAYARD
CRAIG A BENSON
MITCHELL L BERG
MARK S BERGMAN
DAVID M BERNICK
JOSEPH J BIAL
BRUCE BIRENBOIM
H CHRISTOPHER BOEHNING
ANGELO BONVINO
JAMES L BROCHIN
DAVID W BROWN
SUSANNA M BUERGEL
PATRICK S CAMPBELL·
JESSICA S CAREY
JEANETTE K CHAN
GEOFFREY R CHEPIGA
ELLEN N CHING
WILLIAM A CLAREMAN
LEWIS R CLAYTON
JAY COHEN
KELLEY A CORNISH
CHRISTOPHER J CUMMINGS
CHARLES E DAVIDOW
THOMAS V DE LA BASTIDE III
ARIEL J DECKELBAUM
ALICE BELISLE EATON
ANDREW J EHRLICH
GREGORY A EZRING
LESLIE GORDON FAGEN
ROSS A FIELDSTON
BRAD J FINKELSTEIN
BRIAN P FINNEGAN
ROBERTO FINZI
PETER E FISCH
ROBERT C FLEDER
MARTIN FLUMENBAUM
ANDREW J FOLEY
ANDREW J FORMAN·
HARRIS B FREIDUS
MANUEL S FREY
ANDREW L GAINES
KENNETH A GALLO
MICHAEL E GERTZMAN
ADAM M GIVERTZ
SALVATORE GOGLIORMELLA
NEIL GOLDMAN
ROBERTO J GONZALEZ·
CATHERINE L GOODALL
ERIC GOODISON
CHARLES H GOOGE, JR
ANDREW G GORDON
UDI GROFMAN
NICHOLAS GROOMBRIDGE
BRUCE A GUTENPLAN
ALAN S HALPERIN
JUSTIN G HAMILL
CLAUDIA HAMMERMAN
BRIAN S HERMANN
MICHELE HIRSHMAN
MICHAEL S HONG
DAVID S HUNTINGTON
AMRAN HUSSEIN
LORETTA A IPPOLITO
JAREN JANGHORBANI
BRIAN M JANSON
JEH C JOHNSON
MEREDITH J KANE

JONATHAN S KANTER
BRAD S KARP
PATRICK N KARSNITZ
JOHN C KENNEDY
BRIAN KIM
DAVID M KLEIN
ALAN W KORNBERG
DANIEL J KRAMER
DAVID K LAKHDHIR
STEPHEN P LAMB·
JOHN E LANGE
GREGORY F LAUFER
BRIAN C LAVIN
XIAOYU GREG LIU
JEFFREY D MARELL
MARCO V MASOTTI
EDWIN S MAYNARD
DAVID W MAYO
ELIZABETH R McCOLM
ALVARO MEMBRILLERA
MARK F MENDELSOHN
CLAUDINE MEREDITH-GOUJON
WILLIAM B MICHAEL
JUDIE NG SHORTELL·
CATHERINE NYARADY
JANE B O'BRIEN
ALEX YOUNG K OH
BRAD R OKUN
KELLEY D PARKER
VALERIE E RADWANER
CARL L REISNER
LORIN L REISNER
WALTER G RICCIARDI
WALTER RIEMAN
RICHARD A ROSEN
ANDREW N ROSENBERG
JACQUELINE P RUBIN
CHARLES F "RICK" RULE·
RAPHAEL M RUSSO
ELIZABETH M SACKSTEDER
JEFFREY D SAFERSTEIN
JEFFREY B SAMUELS
DALE M SARRO
TERRY E SCHIMEK
KENNETH M SCHNEIDER
ROBERT B SCHUMER
JOHN M SCOTT
STEPHEN J SHIMSHAK
DAVID R NICOLAR
MOSES SILVERMAN
STEVEN SIMKIN
JOSEPH J SIMONS
AUDRA J SOLOWAY
SCOTT M SONTAG
TARUN M STEWART
ERIC ALAN STONE
AIDAN SYNNOTT
RICHARD C TARLOWE
MONICA K THURMOND
DANIEL J TOAL
LIZA M VELAZQUEZ
LAWRENCE G WEE
THEODORE V WELLS, JR
STEVEN J WILLIAMS
LAWRENCE I WITDORCHIC
MARK B WLAZLO
JULIA HASON WOOD
JENNIFER H WU
BETTY YAP·
JORDAN E YARETT
KAYE N YOSHINO
TONG YU
TRACEY A ZACCONE
TAURIE M ZEITZER
T ROBERT ZOCHOWSKI, JR

·NOT ADMITTED TO THE NEW YORK BAR

September 11, 2017

**By Fax**

The Honorable Victor Marrero
U.S. District Court
   for the Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007-1312

*Karsch* v. *Blink Health Ltd.*, No. 17 Civ. 3880 (VM)

Dear Judge Marrero:

We represent Blink Health Ltd. ("Blink"), Geoffrey Chaiken and Matthew Chaiken (collectively, the "Defendants"). We write, as discussed at the telephonic conference held on September 6, 2017, to advise the Court of Defendants' intentions with respect to responding to the complaint in this matter.

Defendants appreciate the Court's careful attention to the parties' pre-motion letters, and the guidance the Court offered regarding the breach of contract claim. While we continue to believe that claim is legally deficient, and subject to dismissal pursuant to Rule 12, in light of the Court's guidance, which Defendants have given the utmost consideration, we shall not move to dismiss that claim at this time. Defendants will demonstrate in time—either on a motion for judgment on the pleadings or for summary judgment—that the breach of contract claim is contradicted by the parties' written agreements and objective fact.

Defendants respectfully submit, however, that the balance of the claims in the complaint are subject to dismissal under black letter law as to which there can be no reasonable debate, and we intend to ask the Court to dismiss them pursuant to Rule 12(b)(6).

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Hon. Victor Marrero                                                     2

With the benefit of briefing, we submit that the Court will agree that all of these claims are legally insufficient on their face and therefore should not proceed past the pleading stage. Dismissal of these claims, which will not require the resolution of disputed factual issues, will streamline the case and will likely reduce litigation costs—an important concern for Blink, a consumer health startup company that is using its financing to lower prices and subsidize lifesaving medications for America's most vulnerable populations, the 70 million plus Americans without insurance or who are underinsured. More specifically:

- *Fraud-based Claims (claims 1-4)*: Defendants understand and respect the Court's guidance that upon review of the complaint, the fraud-based claims comply with Rule 9(b). While we again respectfully disagree, Defendants shall not move to dismiss on that basis. However, it remains the case that every single one of the supposed misstatements underlying Plaintiff's fraud claims is *the same* as the alleged breaches underlying Plaintiff's contract claim and that Plaintiff is seeking the exact same damages for all such claims. Under longstanding law, Plaintiff's fraud claims are therefore subsumed by his contract claim and cannot be separately pursued. In addition, Plaintiff, who admits in his complaint and in the parties' transaction documents that he is a sophisticated party, signed a contract with an integration clause stating that all material terms are set forth in the writing—and what is more, *expressly disclaiming any reliance on extra-contractual statements*. Under these circumstances, Plaintiff cannot show reasonable reliance on any supposed misstatements as a matter of established law. These points require dismissal of the fraud claims, without regard to any factual allegations and based strictly on the face of the contracts.

- *Implied Covenant (claim 6)*: Plaintiff's implied covenant claim is impermissibly duplicative of his contract claim because both claims are based on entirely the same supposed "breaches" and seek the same damages. Moreover, it is clear law in New York that one cannot imply duties beyond those set forth in a contract through the implied covenant.

- *Unjust Enrichment (claim 7)*: Plaintiff's complaint is predicated upon the allegation that there exists a "binding and enforceable" contract between the parties (the validity of which Defendants do not contest). And, the basis for Plaintiff's unjust enrichment claim is exactly the same as the basis for his contract claim. New York law bars an unjust enrichment claim where, as here, the challenged conduct is governed by a concededly valid contract.

- *Breach of Fiduciary Duty and Accounting (claim 8)*: This claim is also impermissibly duplicative of Plaintiff's contract claim because it too is based on the same allegations as and seeks the same damages as the contract claim. Moreover, Plaintiff is Blink's contractual counterparty. And, under clear New York law, companies do not owe fiduciary duties to convertible note holders (who are not equity holders pre-conversion). Thus, even assuming all facts in the complaint to be true, there is absolutely no legal basis on which to conclude that

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Hon. Victor Marrero                                                                                      3

               Blink is Plaintiff's fiduciary. As such, Karsch is not entitled to the equitable
remedy of an accounting, which requires the existence of a fiduciary duty.

- *Negligent Misrepresentation (claim 9)*:    Again, as Blink's contractual
counterparty, Plaintiff has not pled and cannot credibly plead, as a matter of well-
established law, any "special relationship" giving rise to negligence-based duties.
And, in any event, this claim is barred by New York's economic loss rule and is
also impermissibly duplicative of Plaintiff's contract claim because it is based on
the same allegations as and seeks the same damages as the contract claim.

               Defendants' motion will in no way delay the progress of the case; we can be
prepared to file it as soon as September 18, 2017, a week from today. We further would
suggest the Court take up the suggestion of Plaintiff's counsel on the recent telephone
conference for "targeted" discovery.

               At the core of this case is whether Blink Health had the right to pre-pay the
convertible note that Plaintiff entered into. The conditions for conversion are quite clear in
the note, and they require Blink to have issued certain Series A equity shares in order to
trigger Plaintiff's conversion rights. More specifically, the governing documents for
Plaintiff's convertible note provided that it would convert into Blink equity under either of
two scenarios: (1) automatically, "upon the issuance and sale by [Blink] of Series A
Preferred Shares resulting in a minimum aggregate $1,000,000 in gross proceeds," or (2) at
Mr. Karsch's request, "at any time after any Series A Preferred Shares have been issued by
[Blink]." (Compl. ¶ 9; Compl. Ex. F at 17–18 (Note § 2(a)).)

               Plaintiff alleges this occurred. Targeted discovery on the question of the
occurrence of this condition for conversion will show that Plaintiff's allegation is
demonstrably false: that condition did not occur, and indeed Plaintiff expressly *demanded*
that Defendants return his funds, with interest. We respectfully submit that staging
discovery in this fashion would be the most efficient use of the parties' and the Court's
resources.

               We are available at Your Honor's convenience for a conference to discuss
next steps.

                             Respectfully submitted,

                             Andrew J. Ehrlich/SH J

                             Andrew J. Ehrlich

cc:    Counsel of Record (via email)

                        *Plaintiff is directed to respond
by 9-14-17, by letter not to exceed three
(3) pages, to the matter set forth above by
defendant. Upon review of the
response the Court may schedule
a conference and provide further
SO ORDERED. guidance as to whether
mation practice would be
9-11-17 warranted.*

DATE               VICTOR MARRERO, U.S.D.J.