# SACK & SACK, LLP

ATTORNEYS-AT-LAW

70 EAST 55TH STREET, 10TH FLOOR

NEW YORK, NEW YORK 10022

PHONE: (212) 702-9000 • FAX: (212) 702-9702

**Jonathan Sack**
e-mail: JSack@SackandSack.com

July 20, 2017

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/5/2018
```

**BY FACSIMILE TO: (212) 805-6382**
The Honorable Victor Marrero
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Suite 1040
New York, NY 10007-1312

Re: **Karsch v. Blink Health Ltd., No. 17 Civ. 3880 (VM)**

Dear Honorable Judge Marrero:

Attached please find a letter sent to Andrew J. Ehrlich, Esq. of Paul, Weiss, Rifkind, Wharton & Garrison LLP in the above-referenced matter.

Very truly yours,

/s/ *Jonathan Sack*

Jonathan Sack

# SACK & SACK, LLP
ATTORNEYS-AT-LAW
70 EAST 55TH STREET, 10TH FLOOR
NEW YORK, NEW YORK 10022
PHONE: (212) 702-9000 • FAX: (212) 702-9702

Jonathan Sack
e-mail: JSack@SackandSack.com

July 19, 2017

**By Email:**
Andrew J. Ehrlich, Esq.
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019

      Re:    **Karsch v. Blink Health Ltd., No. 17 Civ. 3880 (VM)**

Dear Mr. Ehrlich:

Pursuant to Section II.B of Judge Marrero's Individual Practices, we write on behalf of Plaintiff, Michael Karsch ("*Karsch*"), to address and respond to the June 26, 2017 letter submitted by Blink Health, Ltd. ("*Blink*"), Geoffrey and Matthew Chaiken (collectively, the "*Defendants*"). While your letter purports, to detail various grounds upon which Defendants intend to seek the dismissal of Plaintiff's Complaint, Defendants' arguments seem to be purposely vague and lacking in any substance or foundation, disregarding the details of the allegations in an attempt to pursue motion practice. Nonetheless, Plaintiff attempts to address the issues that Defendants' letter seems to raise.

## I. Plaintiff's Breach of Contract Claim (Count V) Should be Sustained

In an effort to support dismissal of Plaintiff's contract claim, Defendants ignore the allegations describing, in detail, the conditions under which Defendants were required to convert his Note into Series A Preferred Shares. Indeed, Karsch sufficiently alleges any and all conditions precedent necessary to receive his equity in Blink under the Agreements. Dervan v. Gordian Group LLC, 16-CV-1694 (AJN), 2017 WL 819494, at *3 (S.D.N.Y. Feb. 28, 2017) ("[I]n pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed."); see, also, Lotes Co. v. Hon Hai Precision Indus. Co., 753 F.3d 395, 403 (2d Cir. 2014), quoting, Famous Horse Inc. v. 5th Ave. Photo Inc., 624 F.3d 106, 108 (2d Cir. 2010).

Karsch's Complaint states a breach of contract claim because it alleges that Defendants breached the Note Purchase Agreement (the "*Purchase Agreement*") and Convertible Promissory Note (the "*Note*") (collectively, the "*Agreements*") by failing to automatically convert Karsch's Note upon: (1) the "issuance and sale by the Company of Series A Preferred Shares resulting in a minimum aggregate $1,000,000 in gross proceeds to the Company," or (2) upon Karsch's election at any time after Series A Preferred Shares were issued by the Blink – both conditions are sufficiently pled as "financial hurdles" or "automatic trigger events" entitling Karsch to a conversion of his equity. Ellington Credit Fund, Ltd. v. Select Portfolio Servicing, Inc., 837 F. Supp. 2d 162, 189 (S.D.N.Y. 2011); Wolff v. Rare Medium, Inc., 171 F. Supp. 2d 354, 358

Andrew J. Ehrlich, Esq.                                                                                                           Page 2

(S.D.N.Y.2001) (to state a claim for breach of contract, plaintiffs must identify the contractual provision that defendant breached).

Further, Defendants' argument that the plain terms of the Agreements authorize Defendants to prepay the Note without penalty is belied by the circumstances under which the Agreements were entered into, which indicate the parties' intention and expectation for Karsch's Note to be converted into Series A Preferred Shares. Mercury Partners LLC v. Pac. Med. Bldgs., L.P., 02 CIV 6005 HBP, 2007 WL 2197830, at *9 (S.D.N.Y. July 31, 2007) (quoting Tougher Heating & Plumbing Co. v. State of New York, 73 A.D.2d 732, 733, 423N.Y.S.2d 289, 290-91 (3rd Dep't 1979) ("[I]t is a fundamental principle that the intention of the parties must be gleaned from all corners of the document ... rather than from sentences or clauses viewed in isolation; and every part of the contract should be interpreted to give effect to its general purpose[.]").

## II. Plaintiff's Fraud-Based Claims (Counts, I, II, II, IV, and IX) Should be Sustained

Karsch's fraud-based claims should be sustained for several reasons.

First, Karsch's fraud claims are not duplicative of, and are distinguishable from, his breach of contract claim (*supra* at 1.) because the misrepresentations made to Karsch to induce him into contracting with Blink are collateral to actions undertaken by Defendants to deprive Karsch of his Blink Equity under the Note and Purchase Agreement. Alpha Capital Anstalt v. Menaged, 2015 WL 7271069, at *2 (S.D.N.Y., 2015).

Second, Karsch's Complaint satisfies Rule 9(b)'s particularity requirement because it details the circumstances under which Blink, led by the Chaikens, perpetuated a fraud against Karsch. Specifically, the Complaint identifies the individuals involved, the timeline, place, and content of the fraudulent misrepresentations and omissions depriving Karsch of his equity. Shively v. Mitchell, 13 CIV. 2164 PAE, 2013 WL 5761498, at *5 (S.D.N.Y. Oct. 24, 2013). It even details Defendants' motives in committing the fraudulent acts against Karsch. Further, the Complaint informs each Defendant, including Geoffrey and Matthew Chaiken, of the nature of their participation in the fraud. Ningbo Products Import & Export Co., Ltd. v Eliau, 11 CIV. 650 PKC, 2011 WL 5142756, at *8 (S.D.N.Y. Oct. 31, 2011) (citing Natowitz v. Mehlman, 542 F.Supp. 674, 676 (S.D.N.Y.1982). As such, the allegations in Karsch's Complaint are more than sufficient to apprise Defendants of the misconduct complained of and enable them to prepare a defense. Somerville v. Major Expl., Inc., 576 F. Supp. 902, 909 (S.D.N.Y. 1983).

Finally, Karsch's reliance upon Defendants' misrepresentations is not unreasonable – even in light of him being a sophisticated investor, and due to any purported disclaimer of reliance in the Agreements – because the facts underlying Defendants' fraud are uniquely within Defendants' knowledge. Scantek Med., Inc. v. Sabella, 583 F. Supp. 2d 477, 495 (S.D.N.Y. 2008) (citing Banque Arab Et Internationale v. Md. Nat. Bank, 57 F.3d 146,155 (2d Cir.1995)). Specifically, Defendants failed to put Karsch on notice of undocumented material facts that deprived Karsch of his equity in Blink. Lazard Freres & Co. v. Protective Life Ins. Co., 108 F.3d 1531, 1542 (2d Cir.1997).

Andrew J. Ehrlich, Esq.                                                                                          Page 3

### III. Plaintiff's Negligent Misrepresentation Claim (Count X) Should be Sustained

Karsch's negligent misrepresentation claim is not necessarily subject to Rule 9(b)'s particularity requirement, as the Second Circuit has not definitively addressed this question. Silvercreek Mgt., Inc. v Citigroup, Inc., 02-CV-8881 (JPO), 2017 WL 1207836, at *17 (S.D.N.Y. Mar. 31, 2017) (citing Eternity Glob. Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y., 375 F3d 168, 188 (2d Cir. 2004). Even if Rule 9(b) applied, Karsch's claim for negligent misrepresentation, like his fraud-based claims, satisfies the Rule 9(b) particularity requirement. (See, *supra* at II.). Similarly, this claim is not duplicative of the breach of contract claim. (See, *supra* at I.). Finally, the "special relationship" Karsch had with Defendants arose out of its unique position, and privity to material information not otherwise known by Karsch, which it failed to give to Karsch in connection with his purchasing of Blink's securities. LBBW Luxemburg S.A. v. Wells Fargo Sec. LLC, 10 F. Supp. 3d 504, 525-26 (S.D.N.Y. 2014). Even if the parties had an arms-length or purely business transaction, Defendants use and abuse of superior knowledge and information make it more likely that a relationship of trust or confidence existed between the parties. Id. (citing Landesbank Baden–Wurttemberg v. Goldman, Sachs & Co., 821 F.Supp.2d 616, 624 (S.D.N.Y.2011)).

### IV. Plaintiff's Breach of Fiduciary (Count VIII) and Accounting Claims (Count XI) Should be Sustained

Similar to Karsh' negligent misrepresentation claim, Karsch's breach of fiduciary duty and accounting claims do not fail by virtue of any Karsch's contractual or arms-length relationship with Defendants (See, *supra* at III.). In addition, and specific to Karsch's accounting claim, Karsch does not have an adequate remedy at law unless this Court orders an accounting because Defendants are in possession of the records that accurately reflect the value of his investment in Blink and the investment made by others that directly affect Karsch's rights. Indeed, even in light of his request for monetary damages, Courts permit plaintiffs to make alternative pleadings that include both legal and equitably relief. D'Amour v. Ohrenstein Brown LLP, 17 Misc.3d 1130(A)(N.Y. Co. Sup.Ct.2007).

### V. Plaintiff's Unjust Enrichment Claim (Could VII) Should be Sustained

Karsch's Complaint states a claim for unjust enrichment because he sufficiently alleges that Defendants benefitted at Karsch's expense by (1) failing to automatically convert Karsch's Note into Series A Preferred Shares, (2) and by retaining Karsch's $1,000,000 investment in Blink, along with his efforts in aiding Blink raise venture capital, actions which equity and good conscience require restitution. Smith v. Mikki More, LLC, 59 F. Supp. 3d 595, 614 (S.D.N.Y. 2014) (citing Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of NJ, Inc., 448 F.3d 573, 586 (2d Cir.2006). Further, Karsch's claim does not fail by virtue of the fact that the Complaint alleges the existence of a binding and enforceable written agreement. Courts in this district *routinely allow* plaintiffs to advance past the pleading stage on an alternate theory of unjust enrichment. Next Commc'ns, Inc. v. Viber Media, Inc., 14-CV-8190, 2016 WL 1275659, at *8 (S.D.N.Y. Mar. 30, 2016) (emphasis added).

Andrew J. Ehrlich, Esq.                                                                                           Page 4

## VI. Plaintiff's Implied Covenant Claim (Could IV) Should be Sustained

Plaintiff's implied covenant of good faith and fair dealing claim does not create duties that negate explicit rights under the Agreement and Note, but rather alleges that Defendants deprived Karsch of the equity – that should have been automatically converted – when it tried to hide the events that triggered automatic conversion as well as when they pretended to prepay all investor Notes, but instead made side deals with certain Note holders. Mariah Re Ltd. v Am. Family Mut. Ins. Co., 52 F. Supp. 3d 601, 611 (S.D.N.Y. 2014). Accordingly, because Karsch's implied covenant claim is not duplicative of and is factually distinct from his breach of contract claim, he may bring two breach of contract claims. Hosp. Auth. of Rockdale County v. GS Capital Partners V Fund, L.P., No. 09–CV–8716, 2011 WL 182066, at *4 (S.D.N.Y. Jan. 20, 2011).

Respectfully submitted,

SACK & SACK, LLP

/s/ *Jonathan Sack*

Jonathan Sack


cc:   Hon. Victor Marrero (by fax)


The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by Plaintiff.

SO ORDERED.

1-5-18

DATE          VICTOR MARRERO, U.S.D.J.