PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS NEW YORK, NEW YORK 10019-6064
TELEPHONE (212) 373-3000

UNIT 3601, OFFICE TOWER A
BEIJING FORTUNE PLAZA
NO. 7 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT
BEIJING 100020
PEOPLE'S REPUBLIC OF CHINA
TELEPHONE (86-10) 5828-6300

12TH FLOOR, HONG KONG CLUB BUILDING
3A CHATER ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, U.K.
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

WRITER'S DIRECT DIAL NUMBER

(212) 373-3166

WRITER'S DIRECT FACSIMILE

(212) 492-0166

WRITER'S DIRECT E-MAIL ADDRESS

aehrlich@paulweiss.com

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1|5|2018
```

November 24, 2017

**By Fax**

The Honorable Victor Marrero
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007-1312

*Karsch v. Blink Health Ltd.*, No. 17 Civ. 3880 (VM)

Dear Judge Marrero:

During the November 17 telephone conference, Your Honor directed us, on behalf of our clients Blink Health Ltd., Geoffrey Chaiken and Matthew Chaiken (collectively, the "Defendants"), to submit a letter to the Court in further support of our request to file a motion to dismiss Plaintiff's non-contract claims that have not been the subject of our prior letters, which identified the principal bases for the requested motion and certain supporting authorities. In this letter, we provide numerous additional legal authorities further showing that each basis for dismissal of all such claims is fully warranted by established Second Circuit and Southern District case law.

- *Fraud-based Claims (claims 1-4):* Plaintiff's fraud claims are duplicative of his contract claim because both sets of claims rest on the same alleged conduct and seek the same alleged damages.[1] Further, Plaintiff cannot allege that he reasonably relied on any supposed misrepresentations because he is by his own admission a sophisticated investor who signed a

---

[1] *See, e.g., Graham v. Select Portfolio Serv., Inc.*, 156 F. Supp. 3d 491, 511–12 (S.D.N.Y. 2016) (dismissing fraud claim arising out of loan modification agreement as duplicative of breach of contract claim where the factual allegations in both claims were the same, i.e., that company did not intend to carry out alleged loan modification agreement); *Maricultura Del Norte v. World Bus. Capital, Inc.*, 159 F. Supp. 3d 368, 377–79 (S.D.N.Y. 2015) (noting that both the Second Circuit and this Court have "consistently dismissed fraud claims predicated on allegations that defendants did not intend to meet their contractual obligations" (citation omitted)); *Maxim Grp. LLC v. Life Partners Holdings, Inc.*, 690 F. Supp. 2d 293, 306–07 (S.D.N.Y. 2010) ("[A] fraud claim, raised in a case that stems from breach of contract, [must] be 'sufficiently distinct from the breach of contract claim.'" (citation omitted)); *Papa's-June Music, Inc. v. McLean*, 921 F. Supp. 1154, 1162 (S.D.N.Y. 1996) (dismissing fraud claim that "[arose] out of the same facts that serv[ed] as the basis for the breach of contract claim").

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Hon. Victor Marrero                                                                       2

fully integrated contract that expressly disclaimed reliance on all pre-contractual statements.[2]

- *Implied Covenant (claim 6)*: Plaintiff's implied covenant claim impermissibly duplicates his breach of contract claim because both claims are based on the same alleged conduct.[3]
- *Unjust Enrichment (claim 7)*: Plaintiff's unjust enrichment claim fails because plaintiff pleads the existence of a valid contract.[4] This claim also fails because it does not plead any facts suggesting that the Defendants were actually enriched at Plaintiff's expense.[5]
- *Breach of Fiduciary Duty and Accounting (claim 8)*: Defendants did not as a matter of established law owe Plaintiff a fiduciary duty *before* he bought his convertible note[6] or *after* he bought the note because convertible note holders are not owed fiduciary duties.[7] Absent a

---

[2] *See, e.g., Emergent Capital Inv. Mgmt., LLC v. Stonepath Grp., Inc.*, 343 F.3d 189, 192 (2d Cir. 2003) (affirming dismissal of federal and common law fraud claims where plaintiff was "a sophisticated investor" that "could not have reasonably relied" on defendants' representations); *Harsco Corp. v. Segui*, 91 F.3d 337, 345 (2d Cir. 1996) ("[A] party cannot, in a subsequent action for common law fraud, claim it was fraudulently induced to enter into the contract by the very representation[s] it has disclaimed reliance upon."); *Terra Sec. Asa Konkursbo v. Citigroup, Inc.*, 740 F. Supp. 2d 441, 449 (S.D.N.Y. 2010) (holding that "[r]epresentations by a plaintiff that it had 'knowledge and experience in financial and business matters and that it could readily evaluate the risks of the transaction' can indicate sophistication" (citation omitted)), *aff'd* 450 F. App'x 32 (2d Cir. 2011); *San Diego Cty. Emps. Ret. Ass'n v. Maounis*, 749 F. Supp. 2d 104, 120–21 (S.D.N.Y. 2010) (dismissing securities fraud claim "insofar as it relates to representations made before the [the contract]" given plaintiff's sophistication and the "clear, unambiguous language of the non-reliance provisions").

[3] *See, e.g., BlackRock Allocation Target Shares: Series S. Portfolio v. Wells Fargo Bank, Nat'l Ass'n*, 247 F. Supp. 3d 377, 398 (S.D.N.Y. 2017) ("Plaintiffs' breach-of-contract and breach-of-implied-covenant claims [were] based on the same alleged facts, and therefore the latter must fail."); *Avant Capital Partners LLC v. W108 Dev. LLC*, 2016 WL 7377276, at *3 (S.D.N.Y. Dec. 9, 2016) (dismissing implied covenant claim that "merely restate[d] [Plaintiff's] . . . contract claim").

[4] *See, e.g., Waxman v. Cliffs Natural Res. Inc.*, 222 F. Supp. 3d 281, 296 (S.D.N.Y. 2016) ("An unjust enrichment claim is not available where it simply duplicates, or replaces, a conventional contract or tort claim." (citation omitted)); *Innov. Biodefense, Inc. v. VSP Techs., Inc.*, 176 F. Supp. 3d 305, 325 (S.D.N.Y. 2016) (dismissing unjust enrichment claim in light of valid contract).

[5] *See, e.g., UPS Store, Inc. v. Hagan*, 99 F. Supp. 3d 426, 439 (S.D.N.Y. 2015) (dismissing unjust enrichment claim where counterclaimant "[did] not allege any facts suggesting a possessory interest" in the benefits allegedly unjustly received); *Reed Int'l Trading Corp. v. Donau Bank AG*, 866 F. Supp. 750, 757 (S.D.N.Y. 1994) ("[P]laintiffs cannot maintain an unjust enrichment claim for the return of funds in which they had no possessory interest . . . .").

[6] *See, e.g., Naughright v. Weiss*, 826 F. Supp. 2d 676, 695 (S.D.N.Y. 2011) (holding that a fiduciary "relationship must have arisen *before* the transaction complained of, and [] cannot be formed merely by a plaintiff's subjective decision to repose trust in the defendant" (emphasis added)).

[7] *See, e.g., Lorenz v. CSX Corp.*, 1 F.3d 1406, 1417 (3d Cir. 1993) (affirming dismissal of fiduciary duty claims brought under New York law based on plaintiffs' purchase of convertible debentures); *BHC Interim Funding, L.P. v. Finantra Capital, Inc.*, 283 F. Supp. 2d 968, 989–990 (S.D.N.Y. 2003) (holding that under New York law, "an option holder, unlike a shareholder, is not owed a fiduciary duty by a corporation's officers"); *Page Mill Asset Mgmt. v. Credit Suisse First Boston Corp.*, 2000

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Hon. Victor Marrero 3

fiduciary relationship, Plaintiff has no right to an accounting as a matter of law.[8] Plaintiff's fiduciary duty claim is impermissibly duplicative because it is based on the same alleged conduct underlying his contract claim.[9]

- *Negligent Misrepresentation (claim 9)*: Plaintiff's negligent misrepresentation claim fails because the parties had no "special relationship" given their sophisticated status and purely contractual relationship.[10] Moreover, Plaintiff has alleged no injury to person or property, and thus his claim is barred by the economic loss rule.[11] Finally, this claim fails because it is based on the same conduct underlying Plaintiff's contract claim, and thus is duplicative.[12]

We further submit that this letter exchange, in contrast to full briefing, does not offer Defendants the opportunity to explain *why* it is that the allegations do not satisfy these incontrovertible legal standards, and that the Court would benefit from such briefing. For the reasons set forth above and in Defendants' previous letters, we respectfully request leave to move to dismiss Plaintiff's non-contract claims.

---

WL 335557, at *11 (S.D.N.Y. Mar. 30, 2000) ("[I]ssuers of non-convertible bonds generally do not owe a fiduciary duty to their bondholders.").

[8] *See, e.g., Faulkner v. Arista Records LLC*, 602 F. Supp. 2d 470, 484 (S.D.N.Y. 2009) ("Proof of a fiduciary relationship is a mandatory element of an accounting claim under New York law."); *Local 144, Hotel, Hosp., Nursing Home and Allied Servs. Union v. CNH Mgmt. Assocs., Inc.*, 713 F. Supp. 680, 693 (S.D.N.Y. 1989) ("'[T]he right to an accounting is premised upon the existence of a confidential or fiduciary relationship[.]'" (citation omitted)).

[9] *See, e.g., N. Shipping Funds I, LLC v. Icon Capital Corp.*, 921 F. Supp. 2d 94, 105 (S.D.N.Y. 2013) ("A breach of fiduciary duty claim is duplicative when it is based on allegations of fiduciary wrongdoing that are expressly raised in plaintiff's breach of contract claim." (citation omitted)); *Physician Mut. Ins. Co. v. Greystone Serv. Corp., Inc.*, 2009 WL 855648, at *9–10 (S.D.N.Y. Mar. 25, 2009) (dismissing plaintiffs' fiduciary duty and aiding and abetting a breach of fiduciary duty claims because they "ar[ose] out of the same facts as its breach of contract claim").

[10] *See, e.g., KCG Ams. LLC v. Brazilmed, LLC*, 2016 WL 900396, at *7 (S.D.N.Y. Feb. 26, 2016) (holding that "an ordinary arm's length business transaction" between sophisticated parties was "insufficient to give rise to a special relationship" (citation omitted)); *HSH Norbank AG v. RBS Holdings USA Inc.*, 2015 WL 1307189, at *15 (S.D.N.Y. Mar. 23, 2015) (dismissing negligent misrepresentation claim because the parties were "'sophisticated entities [who were] engaged in an arm's length transaction'" (citation omitted)).

[11] *See, e.g., Gordon v. Hain Celestial Grp., Inc.*, 2017 WL 213815, at *6 (S.D.N.Y. Jan. 18, 2017) (holding that "[i]n the absence of any alleged personal or property damage, the economic loss rule bars plaintiff's negligent misrepresentation claim"); *PPI Enters. (U.S.), Inc. v. Del Monte Foods Co.*, 2003 WL 22118977, at *27 (S.D.N.Y. Sept. 11, 2003) (dismissing claim for negligent misrepresentation where plaintiff did "'not claim any personal injury or damage to property, as is required to recover in tort'" (citation omitted)).

[12] *See, e.g., White v. Nat'l Home Prot., Inc.*, 2010 WL 1706195, at *5 n.3 (S.D.N.Y. Apr. 21, 2010) (holding that plaintiffs' claim for negligent misrepresentation "likely fails as a matter of law . . . because it is duplicative of the core breach of contract claim"); *Ixe Banco, S.A. v. MBNA Am. Bank, N.A.*, 2008 WL 650403, at *12 (S.D.N.Y. Mar. 7, 2008) (holding that "[a]ctions for breach of . . . negligent misrepresentation will not lie when the factual underpinning for the claim is duplicative of a breach of contract claim").

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Hon. Victor Marrero

4

Respectfully submitted,

/s/ *Andrew J. Ehrlich*

Andrew J. Ehrlich

---

The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by defendants.

SO ORDERED.

1-5-18
DATE

VICTOR MARRERO, U.S.D.J.